IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KELVIN BAKER, #1223066 | § | |
| VS. | § | CIVIL ACTION NO. 9:05cv223 |
| RICHARD McKEE, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Kelvin Baker, an inmate confined at the Polunsky Unit of the Texas prison system,

proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit

pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned pursuant to 28

U.S.C. § 636(c).

The original complaint was filed on November 16, 2005. The Plaintiff complained that

prison officials had interfered with his right of access to court. After reviewing the complaint, the

Court decided to conduct an evidentiary hearing, consistent with *Spears v. McCotter*, 766 F.2d 179

(5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted on April 18, 2006.

Regional Grievance Coordinator Chip Satterwhite, Warden Wesley Pratt and Nurse Thomas Maciel

attended the hearing in order to answer any questions the Court may have concerning prison policy

or the Plaintiff's records.

Only sworn testimony and authenticated records were accepted during the *Spears* hearing,

and the evidence submitted by prison personnel was considered by the Court only to the extent that

it does not contradict the inherently plausible and credible evidence offered by the Plaintiff. *Vernado*

1

*v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).  The Plaintiff gave the Court permission to review his prison records.

The Plaintiff has a civil rights lawsuit pending in the United States District Court for the Northern District of Texas, which is styled *Kelvin Wayne Baker v. Sheriff Jim Bowles*, Civil Action Number 3:05-CV-1118-L.  He alleged that the Defendants were deliberately indifferent to his need for medical treatment of an eye injury sustained in a fall in the shower area of the Dallas County Jail. He alleged that he lost his sight in his left eye due to the deliberate indifference of the Defendants.

The present lawsuit concerns the difficulties the Plaintiff has experienced trying to litigate the civil rights lawsuit pending in the Northern District of Texas.  He noted that there are four attorneys representing the Defendants in that case.  He must mail two copies to the Clerk and one copy to each attorney every time he has to file anything in that case.  The problem is that the prison system will not give him enough indigent supplies to handle everything that arises in that case.  He is permitted to automatically have only 25 pieces of paper and mail out five envelopes each week. He can obtain additional pieces of paper or mail out additional legal letters only on a showing of good cause.  He has explained to officials why he needs extra supplies, but Defendant Richard McKee, the supervisor of the Polunsky Unit law library, has routinely denied his requests for additional supplies.  The Plaintiff testified that he has followed procedures to show good cause, but his requests have been denied.  He further testified that he is obligated to respond to the motions filed by the four attorneys, which often requires multiple letters to be mailed out each week.  He has, for example, submitted ten envelopes to be mailed, but five were returned due to the limits on indigent supplies.  The Plaintiff testified that the Northern District of Texas has threatened to sanction him because copies of responses and/or motions were not mailed out by prison personnel.

The Court noted during the *Spears* hearing that it has copies of the docket sheet and orders that were filed in *Baker v. Bowles*. The docket sheet reveals that there has been 145 entries since the case was filed on May 31, 2005. The Northern District of Texas has denied the Defendants' dispositive motions, and the case is still proceeding. The Plaintiff testified that the Northern District of Texas appointed an attorney to represent him last month. He acknowledged that he has not been actually penalized in that case due to inadequate indigent supplies, but the Northern District of Texas has threatened to sanction him.

The Plaintiff testified that he sued Richard McKee since he is the supervisor of the law library. He sued Frank Hoke, the Director of the Access to Court program, because he has written to him about the problems but no corrective action has been taken. He wrote to Wardens Massey and Hirsh, including grievances, but they did not resolve the problems. He sued Christy Putnam, an officer in the law library, because she was the person who actually processed his requests. Richard McKee is her immediate supervisor. He sued Warrent Worthy, an Internal Affairs investigator, for failing to correct the problems. He sued Major Melody Nelson because she is Richard McKee's supervisor in the chain of command. He sued Executive Director Brad Livingston since he is the top person in the chain of command for the prison system.

Warden Wesley Pratt testified under oath that there are limits to the supplies available to indigent inmates. He confirmed that exceptions are made on a showing of good cause on a case by case basis. He acknowledged that he accepts the findings of investigators as to whether indigent supplies policies have been followed.

The Plaintiff completed his testimony by reiterating that he has been totally denied extra indigent supplies. He argued that he has shown good cause, but his requests for additional supplies

have been routinely denied.  He further testified that he knows nothing about the law and has been forced to rely on the help of jailhouse lawyers in presenting his claims.

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977).  Prison officials may not abridge or impair an inmate's right of access to court.  *See Ex parte Hull*, 312 U.S. 546, 549 (1941); *Johnson v. Avery*, 393 U.S. 483, 486 (1969).  "While the precise contours of a prisoner's right of access to court remain obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).  The Supreme Court has held that the right of meaningful access to court imposes a duty on prison officials to provide indigent inmates with either an adequate law library or adequate assistance from persons trained in the law.  *Bounds v. Smith*, 430 U.S. at 828.  The Texas prison system provides both attorneys and law libraries.  The parameters of the prison system's access to court plan has been defined in conjunction with the *Ruiz* litigation.

On the other hand, an inmate's right of access to court is not absolute.  The Supreme Court recently noted some of the limits on the right of access to court:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of thier confinement.  Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996).  Prison officials may place reasonable limits on the right. *See Crowder v. Sinyard*, 884 F.2d 804, 811 (5th Cir. 1989).  Restrictions may be imposed for security reasons.  *See Solomon v. Zant*, 888 F.2d 1579, 1581 (11th Cir. 1989); *Procunier v.*

*Martinez*, 416 U.S. 396, 412 (1974), *overruled on other grounds, Thornburg v. Abbott*, 490 U.S. 401 (1989).  "[I]ndigent inmates must be provided at state expense with paper and pen to draft legal documents ... and with stamps to mail them." *Bounds v. Smith*, 430 U.S. at 824-25.  Prison officials, however, are obligated to provide only reasonable amounts of such supplies.  *Id.* at 825;  *Chandler v. Coughlin*, 763 F.2d 110, 114 (2nd Cir. 1985).  For example, a prisoner does not have a basis for a civil rights lawsuit when he requested 100 sheets of paper a week and received only 75 sheets. *Felix v. Rolan*, 833 F.2d 517, 518 (5th Cir. 1987).

To prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendants' actions.  *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (internal quotations omitted); *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  *See also Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997).  He must identify the nonfrivolous, arguable underlying claim.  *Id.*  There is no constitutional violation when a prisoner has time to submit legal documents in a court despite impediments caused by officials.  *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988).  A civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice.  *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir. 1991).

In the present case, the Plaintiff was able to file his lawsuit in the Northern District of Texas. The issues have been developed, and the Plaintiff has been allowed to proceed with his claims despite the dispositive motions filed by the Defendants.  The Court does not doubt that the indigent supply limits have been a source of frustration.  The Plaintiff has likely feared that his case would be dismissed, despite the physical injuries he sustained in the Dallas County Jail, because of the

limits placed on indigent supplies.  Nonetheless, the dispositive issue in this case concerns harm. The Plaintiff acknowledged that he has not been penalized by the Northern District of Texas due to the limits.  He has been threatened with sanctions, but the sanctions were never actually imposed. Moreover, the Northern District of Texas has concluded that his lawsuit warrants having an attorney appointed to represent him.  Fortunately for the Plaintiff, he has not been harmed during the course of the litigation in *Baker v. Bowles* due to inadequate indigent supplies, but the lack of harm in that case is the very reason why this case must be dismissed.  The present lawsuit fails to state a claim upon which relief may be granted and is frivolous in that it lacks nay basis in law and fact.  The lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

It is noted that most of the Defendants named in this lawsuit were sued because they are supervisory officials in the chain of command.  In order to successfully plead a cause of action in a civil rights case, the Plaintiff must enunciate a set of facts that illustrate the Defendants' participation in the alleged wrong.  *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).  The only people who were personally involved in this case appears to be Richard McKee and Christy Putnam.  Every one else was sued because they held a supervisory position.  Under 42 U.S.C. § 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory.  A supervisor may be held liable if either of the following exists:  (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations.  *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987).  Neither condition is satisfied.  There is no basis for a potentially meritorious lawsuit against any of the supervisory officials just because they held a supervisory position.  The facts as alleged arguably support an access to court claim against McKee and Putnam, but such claims must be dismissed due to the absence of harm.  It is accordingly

6

**ORDERED** that the complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. §

1915A(b)(1).  All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **2**   day of  **May, 2006.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE